UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BAMBI SUE TOMLIN,<br><br>　　　　　　Defendant. | Case No. 4-16-cr-00177-BLW<br><br>**REPORT AND<br>RECOMMENDATION** |

　　　　On October 25, 2016, Defendant BAMBI SUE TOMLIN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 29). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government, while acknowledging the offense met the criteria for detention pending sentencing under Section 3143(a)(2), did not request detention and supported continuation of release. Further, the Government indicated it is unaware of any information or circumstance that would enhance the risk of nonappearance or risk of danger to the community if release is continued.

In this case, Defendant was released on her own personal recognizance and subject to a stringent combination of conditions imposed by the undersigned Magistrate Judge on August 10, 2016, after the Government withdrew its motion for detention. (Dkt. 14.) Since her release, Defendant has been compliant and cooperative with pretrial supervision by her supervising officers in Billings, Montana, and Pocatello, Idaho. Additionally, Defendant cares for her mother, who is 78 years of age and, due to chronic health issues, is unable to care for herself without assistance. None of Defendant's siblings live as close to their mother as does Defendant. At the time of the plea hearing, Defendant provided two letters from treating health care providers of her mother

REPORT AND RECOMMENDATION - 2

(admitted under seal as Defendant Exhibit 1) that verified the assistance and the necessity of the assistance Defendant provides her mother.  Further, Defendant has recognized a potential medical condition of herself for which she needs evaluation and potential treatment.  As such, Defendant was agreeable to an additional condition of continued release: obtaining the necessary medical evaluations and treatment as directed by the supervising officers.

The Court finds these circumstances constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing.  Further, the Court finds detention pending sentencing would interfere not only with Defendant's ability to provide necessary care and assistance to her mother and to make arrangements for the future care of her mother in an appropriate setting, but also with her medical evaluations and treatment for certain health conditions discussed during the hearing.  The Court finds the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)	The District Court accept Defendant BAMBI SUE TOMLIN's plea of guilty to Count One of the Indictment (Dkt. 1);

2)	The District Court order forfeiture consistent with Defendant BAMBI SUE TOMLIN's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and

the Plea Agreement (Dkt. 29); and

  3) The District Court continue Defendant's release subject to the Order setting conditions of release (Dkt. 14) and the amendments thereto (Dkt. 26 and of today's date).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 25, 2016

*/s/ Candy Dale*
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4